AO 245B (CASDRev. 08/13) Judgment in a Criminal Case

**FILED**

DEC 2 0 2017

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY LC  DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
YON PON WONG

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 17CR02443-LAB

IAN PANCER, RETAINED
Defendant's Attorney

**REGISTRATION NO.** 64518298

☐ –

THE DEFENDANT:

☒ pleaded guilty to count(s)   ONE OF THE INFORMATION

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 16 USC 3372(d)(1) and 3373(d)(3)(A)(i) and 18 USC 2 | SUBMISSION OF FALSE RECORD AND AIDING AND ABETTING | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is   dismissed on the motion of the United States.

☒ Assessment : $100.00 – payable w/in 60 days
  –

☒ See fine page   ☒ Forfeiture pursuant to order filed   12/18/2017   , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

December 18, 2017
Date of Imposition of Sentence

HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

17CR02443-LAB

| | | |
|---|---|---|
| DEFENDANT: | YON PON WONG | Judgment - Page 2 of 4 |
| CASE NUMBER: | 17CR02443-LAB | |

## PROBATION

The defendant is hereby sentenced to probation for a term of:
5 YEARS

     The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994*:

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable.*)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- ☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable.*)
- ☐ The defendant shall participate in an approved program for domestic violence. (*Check if applicable.*)

     If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

     The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. Not reenter the United States illegally.

2. You're not to knowingly import any item that you can't be sure complies with the laws of the United States or that you know alternatively was taken and made available to you in violation of the laws of another country, such as Mexico.

//

| | | |
|---|---|---|
| DEFENDANT: | YON PON WONG | Judgment - Page 4 of 4 |
| CASE NUMBER: | 17CR02443-LAB | |

## FINE

**The defendant shall pay a fine in the amount of $15,000.00 unto the United States of America.**

**The sum shall be paid as follows:**

The funds paid for fines should be forwarded to the Service's Division of Financial Management at the following address <u>with the deposit account notation for the Lacey Act Reward Account within 60 days</u>:

U.S. Fish and Wildlife Service
Cost Accounting Section
P.O. Box 272065
Denver, CO  80227-9060

The Court has determined that the defendant does not have the ability to pay interest. It is ordered that:

The interest requirement is waived.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YON PON WONG,<br><br>Defendant. | Case No.  17cr2443-LAB<br><br>ORDER OF CRIMINAL FORFEITURE |

  WHEREAS, in the Information in the above-captioned case, the United States charged Defendant YON PON WONG ("Defendant"), as follows:

  In a matter involving the importation of fish and wildlife, knowingly make and submit a false record, to wit, a commercial invoice for abalone falsely representing the name and address of the seller, for fish and wildlife which had been and was intended to be imported and received from a foreign country, on or about October 5, 2013, within the Southern District of California, in violation of 16 U.S.C. §§ 3372(d)(1) and 3373(d)(3)(A)(i).; and

  WHEREAS, on or about August 30, 2017, Defendant pled guilty before Magistrate Judge Jill L. Burkhardt to the one-count Information, which plea included an agreement to forfeit to the United States the amount of $500,000 as proceeds Defendant received from the offense, which forfeiture shall be included and incorporated as part of the judgment in this case; and

  WHEREAS, on October 25, 2017 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that $500,000 (U.S. dollars) represents the moneys derived from and traceable to the gross proceeds that the Defendant obtained directly as a result of the offense to which Defendant pled guilty, 16 U.S.C. §§ 3372(d)(1) and 3373(d)(3)(A)(i), as charged in the Information; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is entitled to an Order of Forfeiture in its favor against the Defendant for the proceeds received by the Defendant in the amount of $500,000, pursuant to 18 U.S.C. § 982(a)(2)(B) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the $500,000 forfeiture and the offense; and

WHEREAS, the Defendant has paid the United States the $500,000 forfeiture amount pursuant to the terms of the Plea Agreement and Forfeiture Addendum;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  Defendant YON PON WONG agreed to forfeit to the United States the sum of $500,000 pursuant to 18 U.S.C. § 982(a)(2)(B) in the form of a forfeiture amount for the proceeds Defendant received from his offense of conviction, which forfeiture is in favor of the United States against Defendant YON PON WONG; and

2.  Defendant has paid the United States the $500,000 forfeiture amount pursuant to the terms of the Plea Agreement and Forfeiture Addendum; and

3.  Pursuant to Rule 32.2(b)(4), this Order of Forfeiture is made final as to the Defendant as of the time of sentencing, which took place on December 18, 2017, and is part of the sentence and included in the judgment.

DATED: December 18, 2017

LARRY ALAN BURNS
United States District Judge